UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROOFERS LOCAL 195 PENSION, HEALTH
& ACCIDENT, ANNUITY & JOINT
APPRENTICESHIP TRAINING FUNDS, by
James Milligan and Rich Anderson, as Trustees;
UNITED UNION OF ROOFERS,
WATERPROOFERS & ALLIED WORKERS,
LOCAL UNION 195 by James Milligan as
Business Manager; and NATIONAL ROOFING
INDUSTRY PENSION PLAN by W. H. Branson,
Jr., Frank Lawson, Jr., Robert M. Dalsin, and
John Martini, as Trustees,

         Plaintiffs,

    v.              5:01-CV-562
                    (FJS/GJD)
SHUE ROOFING, INC. and SBR ROOFING,
INC.,

         Defendants.
_____

APPEARANCES             OF COUNSEL

BLITMAN & KING, L.L.P.       GARY A. HALL, ESQ.
Franklin Center
443 North Franklin Street
Suite 300
Syracuse, New York 13204-1415
Attorneys for Plaintiffs

SHUE ROOFING, INC.         NO APPEARANCE

SBR ROOFING, INC.          NO APPEARANCE

SCULLIN, Chief Judge

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiffs' complaint asserts a cause of action, pursuant to 29 U.S.C. §§ 1001 *et seq.* and 29 U.S.C. § 185(a), to collect delinquent fringe benefit contributions and deductions due under the terms of a Collective Bargaining Agreement and Agreements and Declarations of Trust, as well as interest and attorney's fees.

Currently before the Court is Plaintiffs' motion, pursuant to Rule 55 of the Federal Rules of Civil Procedure, for entry of a default judgment against Defendants in the amount of $414,296.28.

**II. BACKGROUND**

Defendants are parties to certain collective bargaining agreements ("Agreements") with Plaintiffs. Pursuant to the provisions of those Agreements, Defendants are required to remit fringe benefit contributions and deductions to Plaintiffs. Specifically, Defendants are obligated to remit contributions and deductions for all hours that their employees, who are covered under the Agreements, worked. Additionally, the Agreements and 28 U.S.C. § 1132(g)(2) require Defendants, if they are delinquent in remitting the contributions and deductions, to pay interest, the greater of interest or liquidated damages, costs and fees of collection, and attorney's fees.

According to Plaintiffs, between July 1, 1997, and February 2, 1998, Defendants failed to timely remit $70,266.04 in fringe benefit contributions and deductions to Plaintiffs. Therefore, Plaintiffs commenced the present action on April 8, 2001. On June 21, 2001, Defendants and

BUR Abatement, Inc. filed an answer.[1] Subsequently, on February 25, 2003, Plaintiffs moved for summary judgment against Defendants, who cross-moved for summary judgment. By Memorandum-Decision and Order dated September 21, 2004, this Court denied Defendants' cross-motion for summary judgment in its entirety and granted in part and denied in part Plaintiffs' motion for summary judgment. To date, Defendants have failed to pay the fringe benefit contributions and deductions, interest, liquidated damages, costs and fees of collection, and attorney's fees that they are required to pay under the Agreements and § 1132(g)(2).

On April 8, 2005, Susan Otto, Defendants' then-attorney, filed a motion to withdraw as their counsel due to the fact that, despite repeated attempts, she had been unable to contact Defendants. *See* Dkt. No. 86. During a telephone status conference on April 12, 2005, the Court scheduled a hearing regarding Ms. Otto's motion for April 27, 2005, and ordered all parties to appear. *See* Dkt. No. 87. The Court also informed the parties that a failure of Defendants to appear at the hearing would result in the entry of a default judgment against them. *See id.* Finally, the Court ordered Ms. Otto to send notification of the hearing to Defendants; the Court also notified Defendants by certified mail that they were required to appear at the hearing and the consequences of their failure to do so. *See id.*

On April 27, 2005, Defendants failed to appear as the Court had ordered. As a result, the Court, in an oral order, granted Ms. Otto's motion to withdraw as Defendants' counsel. Subsequently, on May 19, 2005, Plaintiffs requested and, on May 20, 2005, the Clerk of the Court entered default against Defendants. *See* Dkt. Nos. 91-92.

---

[1] Subsequently, on August 27, 2002, the parties stipulated to the discontinuance of Plaintiffs' action against BUR Abatement, Inc. *See* Dkt. No. 15.

## II. DISCUSSION

**A.  Standard of review**

When a court considers a motion for the entry of a default judgment, it must "accept[] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted).  However, the court cannot construe the damages alleged in the complaint as true. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted).  Rather, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (citation omitted).  This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.*  Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

**B.  Damages calculation**

*1. Proper rule for calculating damages*

Section 1145 of Title 29 of the United States Code provides that "**[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan** or under the terms of a collectively bargained agreement **shall**, to the extent not inconsistent with law, **make such contributions in accordance with the terms and conditions** of such plan or such **agreement**."  29 U.S.C. § 1145 (emphasis added).

If an employer violates § 1145, 29 U.S.C. § 1132(g)(2) provides that

> [i]n any action under this subchapter by a fiduciary for or on behalf

>> of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court **shall award** the plan –
>
>> (A) the unpaid contributions,
>> (B) interest on the unpaid contributions,
>> (C) an amount equal to the greater of –
>>> (i) interest on the unpaid contributions, or
>>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>>
>> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>> (E) such other legal or equitable relief as the court deems appropriate.
>
>> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2) (emphasis added).

Defendants, who are employers obligated to make contributions into the benefit plans under the Agreements, failed to make those required payments. Therefore, the Court will apply the provisions of § 1132(g)(2) to calculate Plaintiffs' damages.

### 2. *Plaintiffs' damages*

#### *a. Unpaid contributions*

Plaintiffs have submitted evidence to show that Defendants failed to pay them **$70,266.04** in fringe benefit contributions and deductions. *See* Affidavit of Gary A. Hall, dated May 12, 2005 ("Hall Aff."), at ¶ 13 & Exhibit "A." Accordingly, the Court awards Plaintiffs this amount

as part of their damages award.

### *b. Interest on the unpaid contributions*

The applicable interest rate, as expressed in the Collective Bargaining Agreement, for an employer's failure to make its required fringe benefit contributions is 1.5% per month on all outstanding and unpaid fringe benefit contributions. *See id.* at ¶ 10. Plaintiffs have submitted evidence that Defendants owe them **$92,604.78** in interest. *See id.* at ¶ 13 & Exhibit "A." Accordingly, the Court awards Plaintiffs this amount as part of their damages award.

### *c. Liquidated damages*

Plaintiffs are entitled to liquidated damages equal to the greater of (1) the interest on the unpaid contributions or (2) the liquidated damages provided for under the collective bargaining agreement in an amount that does not exceed twenty percent of the unpaid contributions. *See* 29 U.S.C. § 1132(g)(2)(C). In this case, the greater of the two amounts is the 10% interest on the unpaid contributions, as provided for in the Collective Bargaining Agreement, and, thus, Plaintiffs are entitled to **$84,043.00** in liquidated damages. *See* Hall Aff. at ¶¶ 10, 13 & Exhibit "A." Accordingly, the Court awards Plaintiffs this amount as part of their damages award.

### *d. Attorney's and paralegal fees and costs*

To calculate an award of attorney's fees, the court multiplies a reasonable hourly rate by the number of hours reasonably expended on the litigation. *See Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (citations omitted). The party entitled to attorney's fees has the

burden of establishing the appropriate hourly rate and documenting the time reasonably expended on the litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

In this context, the reasonable hourly rate must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Moreover, the "prevailing community" is "'the district in which the court sits.'" *Luciano*, 109 F.3d at 115 (quotation omitted).

Courts in this district have held that the prevailing rates are $175 per hour for the most experienced attorneys, $125 per hour for attorneys with four or more years experience, $100 per hour for attorneys with less than four years experience, and $65 per hour for paralegals. *See I.B.E.W. Local No. 910 Welfare, Annuity & Pension Funds v. Dexelectrics, Inc.*, 98 F. Supp. 2d 265, 275 (N.D.N.Y. 2000) (citations and footnote omitted).

Plaintiffs have calculated their attorney's fees using rates that differ from the prevailing rates in this District.[2] Therefore, the Court will reduce these rates to the appropriate hourly rates for this District as set forth in *Dexelectrics* to calculate Plaintiffs' attorney's fees award.

Thirteen individuals worked on this case on behalf of Plaintiffs:[3] (1) Gary A. Hall, Esq.,

---

[2] Plaintiffs used various hourly rates for the attorneys and paralegals who worked on this case. *See* Hall Aff. at Exhibit "B." With respect to the work of attorney Miner, however, Plaintiffs used a reasonable hourly rate that the Court will also use in its calculation.

[3] The time records that Plaintiffs submitted show that fifteen individuals worked on this case. However, Plaintiffs identify two of the individuals listed on their time records only by their initials, KAH and LAD, and neither of these individuals is mentioned in Plaintiffs' motion papers nor do their names appear on Plaintiffs' attorneys' firm website. Accordingly, because Plaintiffs have not presented any evidence regarding these two individuals' experience or their identities, the Court will disregard the time that these two individuals expended on this litigation in

(continued...)

an experienced attorney; (2) Jennifer A. Clark, Esq., an experienced attorney; (3) James R. LaVaute, Esq., an experienced attorney; (4) Charles E. Blitman, Esq., an experienced attorney; (5) Kenneth L. Wagner, Esq., an experienced attorney; (6) Donald D. Oliver, Esq., an experienced attorney; (7) Stephanie A. Miner, Esq., an attorney with more than four years experience; (8) Charles C. Spagnoli, Esq., an attorney with more than four years experience; (9) George H. Sallaway, Esq., an attorney with less than four years experience; (10) Nathaniel G. Lambright, Esq., an attorney with less than four years experience; (11) Linda L. DeMacy, a paralegal; (12) Christine W. Fleury, a paralegal; and (13) Daniel R. Brice, Esq., a law clerk.[4] Below are the Court's calculations of the attorney's and paralegal fees associated with the work that these individuals performed using the appropriate hourly rates.

| **Attorney/Paralegal** | **Hours Worked** | **Hourly Rate** | **Total** |
|---|---|---|---|
| Gary A. Hall, Esq. | 86.81 | $175 | $15,191.75 |
| Jennifer A. Clark, Esq. | 127.85 | $175 | $22,373.75 |
| James R. LaVaute, Esq. | 2.11 | $175 | $369.25 |
| Charles E. Blitman, Esq. | 5.04 | $175 | $882.00 |
| Kenneth L. Wagner, Esq. | 12.16 | $175 | $2,128.00 |

---

[3](...continued)
calculating Plaintiffs' attorney's fees award.

[4] Mr. Brice, who did not graduate from law school until 2003, completed his work on this litigation in 2002. Accordingly, for purposes of this motion, the Court has used the hourly rate applicable to paralegals for his work on this litigation.

| | | | |
|---|---|---|---|
| Donald D. Oliver, Esq. | 0.70 | $175 | $122.50 |
| Charles C. Spagnoli, Esq. | 97.70 | $125 | $12,212.50 |
| George H. Sallaway, Esq. | 53.39 | $100 | $5,339.00 |
| Nathaniel G. Lambright, Esq. | 35.04 | $100 | $3,504.00 |
| Stephanie A. Miner, Esq. | 2.87 | $55.97[5] | $160.63 |
| Daniel R. Brice, Esq. | 3.00 | $65 | $195.00 |
| Linda L. DeMacy | 1.42 | $65 | $92.30 |
| Christine W. Fleury | 8.25 | $65 | $536.25 |

Multiplying the appropriate hourly rates by the hours of work expended on this litigation, the Court concludes that Plaintiffs are entitled to an award of **$63,106.93** in attorney's fees as part of their damages award.[6]

Plaintiffs are also entitled to recover the costs associated with this litigation, including copying costs, filing fees, postage and delivery costs relating to service of the complaint, and research costs. After reviewing Plaintiffs' submissions, the Court concludes that Plaintiffs have

---

[5] The Court calculated Ms. Miner's hourly rate by dividing the time that she expended on this litigation by the dollar figure that Plaintiffs requested for her work on this litigation.

[6] Although this figure is less than half the amount of the attorney's fees that Plaintiffs requested, the Court notes that Plaintiffs' submissions detailing their attorney's fees were in error. In this regard, Plaintiffs' initial submissions did not properly indicate how many hours each individual had expended on this litigation on Plaintiffs' behalf. Due to this deficiency, the Court contacted Plaintiffs' counsel and requested that he send the Court a proper breakdown of the hours that each attorney expended on this litigation. On August 12, 2005, the Court received the requested documents. A review of those documents, however, indicated that Plaintiffs had accounted for each hour that their attorneys expended on this litigation twice. The Court disregarded these duplicate entries in calculating Plaintiffs' attorney's fees award.

expended **$5,731.24** on such items, and, accordingly, the Court awards them this amount for their litigation costs as part of their damages award.[7]

### IV. CONCLUSION

Accordingly, after reviewing Plaintiffs' submissions, the relevant law, and for the reasons stated herein, the Court hereby

**ORDERS** that the Clerk of the Court enter a default judgment in favor of Plaintiffs and against Defendants in the amount of **$315,751.99** as calculated herein.[8]

**IT IS SO ORDERED.**

Dated: August 30, 2005
          Syracuse, New York

_____
Frederick J. Scullin, Jr.
Chief United States District Court Judge

---

[7] Again, the Court notes that this figure is half the amount that Plaintiffs requested. However, the figures that Plaintiffs provided also appear to account for each of these expenses twice.

[8] The Court calculated this figure as follows:
  (1) $70,266.04 in fringe benefit contributions and deductions
  (2) $92,604.78 in interest
  (3) $84,043.00 in liquidated damages
  (4) $63,106.93 in attorney's fees
  (5) $5,731.24 in litigation costs